**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**MARCUS F. SANTIAGO,**
        **Petitioner,**

**v.**                                   **Civil Action No.: 3:18-CV-110**
                                                    **(GROH)**

**WARDEN COAKLEY,**
        **Respondent.**

**REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

On July 13, 2018, Marcos F. Santiago ("Petitioner"), proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence in light of the United States Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) and Sessions v. Dimaya, 138 S.Ct. 1204 (2018).  On July 25, 2018, Petitioner paid the $5.00 filing fee.  ECF No. 6.

The matter is pending before this Court for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

1

## II. Factual and Procedural History[1]

**A. Conviction and Sentence**

On March 11, 2003, in the United States District Court for the Eastern District of Pennsylvania, an indictment was returned against Petitioner in Case No. 2:03-CR-157-1.  ECF No. 1.  A superseding indictment was issued against Petitioner and three co-defendants on April 22, 2003.  ECF No. 5.  A second superseding indictment was issued on January 13, 2004, which charged Petitioner with various felonies.  ECF No. 83.  In an opinion entered in a later proceeding under 28 U.S.C. § 2255, the District Court summarized the charges:

> Santiago [was charged] along with his brother, Alfred Santiago.  Two other defendants, Tarik Roberts and Carlos Calero had been charged in earlier indictments and had pled guilty by the date of the second superseding indictment.  Santiago was charged with committing three armed robberies of hotels, one count of conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a), three counts of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), one count of carjacking, in violation of 18 U.S.C. § 2119, and two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).
>
> As set forth at trial, [the] three armed robberies occurred in hotels in Lancaster and Berks Counties over a three week period in 2002.

ECF No. 273 at 2 – 3.  Following a jury trial, on April 2, 2004, Petitioner was found guilty[2] as to Counts 2, 3, 4, 6, 7, 9 and 10 of the second superseding indictment.  ECF

---

[1] The facts are taken from the Petitioner's criminal Case No. 2:03-CR-157-1 in the United States District Court for the Eastern District of Pennsylvania, available on PACER.  Unless otherwise noted, the ECF entries in sections II.A., II.B. and II.C., refer to that criminal case.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

No. 123.  Petitioner was twice granted extensions of time to file post-trial motions.  ECF Nos. 132, 149.   On February 9, 2005, Petitioner was sentenced to: 18 months of imprisonment for counts 2, 4, 6, 9 and 10 of the second superseding indictment; 84 months of imprisonment for count 3 to be served consecutively to counts 2, 4, and 6; and to 300 months of imprisonment for count 7, which was to be served consecutively to the sentence imposed in count 3.  ECF No. 183.

On February 16, 2005, Petitioner was resentenced to: 42 months of imprisonment for counts 2, 4, 6, 9 and 10 of the second superseding indictment; 60 months of imprisonment for count 3 to be served consecutively to counts 2, 4, and 6; and to 300 months of imprisonment for count 7, which was to be served consecutively to the sentence imposed in count 3, for a total sentence of 402 months.  ECF No. 184.

**B. Appeal**

Petitioner filed a pro se notice of intent to appeal on March 1, 2005 in the Third Circuit's docket number 05-1649.  ECF Nos. 192, 195.   Petitioner's conviction and sentence were affirmed by opinion filed May 10, 2006.  U.S. v. Santiago, 180 Fed. Appx. 345 (3rd Cir. 2006)  On July 19, 2006, the Court of Appeals affirmed Petitioner's conviction, and denied his motion for rehearing en banc.  ECF No. 221; see United States v. Santiago, 2014 WL 2691300 at *1 (4th Cir. 2014).

**C. Post Conviction Relief, Including Motions to Vacate and Appeals Thereof**

On May 24, 2006, Petitioner filed a pro se motion to correct judgment in a criminal case.  ECF No. 218.  On July 27, 2006, the District Court entered an order which granted Petitioner's motion to correct judgment in a criminal case.  ECF No. 223.

---

[2]  A separate judgment of acquittal was entered as to Counts 1, 5 and 8 of the second superseding indictment on April 5, 2004.  ECF No. 128.

3

On July 31, 2006, Petitioner filed a pro se motion to order the Government to disclose all Jencks material. ECF No. 225. By order entered August 2, 2006, the District Court denied that motion. ECF No. 226. On August 22, 2006, the District Court further denied Petitioner's pro se motion to reconsider ordering the Government to disclose to him all Jencks material. ECF Nos. 228, 227. On October 25, 2006, Petitioner filed a pro se notice of appeal to the Third Circuit in what was assigned that Court's docket number 06-4728. ECF Nos. 229, 232. By order entered on April 30, 2007, the Third Circuit summarily affirmed the District Court's decision. U.S. v. Santiago, 230 Fed. Appx. 199 (3rd Cir. 2007). On June 25, 2007, the Third Circuit affirmed the judgment [ECF No. 228] of the District Court entered August 22, 2006. ECF No. 248.

Before the Third Circuit ruled on Petitioner's appeal in 06-4728, Petitioner filed a pro se motion to vacate, pursuant to 28 U.S.C. § 2255. ECF No. 234. On January 29, 2007, the District Court dismissed the § 2255 action for lack of jurisdiction because the appeal to the Third Circuit was still pending. ECF No. 235. However, on February 12, 2007, the District Court vacated its order in ECF No. 235, and reinstated Petitioner's § 2255 motion. ECF No. 237.

Petitioner next sought to obtain discovery through a pro se motion filed on October 2, 2007. ECF No. 254. The District Court denied the motion as moot on the same date that it was filed. ECF No. 256. On October 16, 2007, Petitioner filed with the clerk a letter, which the Court construed as a motion to reconsider its order dated October 2, 2007. ECF No. 258, 259. By order entered October 26, 2007, the District Court denied Petitioner's motion for reconsideration. ECF No. 259. On February 4,

2008, Petitioner filed a pro se notice of intent to appeal the District Court's order denying his motion for discovery to the Third Circuit Court of Appeals, in that Court's docket number 08-1422. ECF Nos. 262, 277. On July 3, 2008, the Third Circuit dismissed the appeal regarding discovery for lack of appellate jurisdiction. ECF No. 277.

On May 8, 2008, the District Court entered an opinion and order which denied Petitioner's motion [ECF No. 234] to vacate his sentence filed pursuant to § 2255. ECF No. 273. Petitioner filed a pro se notice of appeal of the order denying his § 2255 motion on May 30, 2008. The Third Circuit docketed Petitioner's notice of appeal as case number 08-2901 and construed it as a motion for a certificate of appealability. ECF Nos. 274, 276. By order entered March 26, 2009, the Third Circuit denied Petitioner's motion for a certificate of appealability. ECF No. 278.

On or about August 15, 2013, in Third Circuit Court of Appeals docket number 13-3016, Petitioner sought to file a second or successive motion under 28 U.S.C. § 2255. ECF No. 280. By order entered on August 15, 2013, the Third Circuit denied Petitioner's application to file a second or successive habeas petition. U.S.C.A., 3rd Cir., 13-3016, Document 003111373284.

On May 20, 2014, Petitioner filed in the District Court a pro se motion for downward departure from the United States Sentencing Guidelines. ECF No. 281. The District Court entered a memorandum opinion and an order on June 9, 2014, which denied Petitioner's motion "for lack of jurisdiction or, alternatively, [ ] as substantively meritless." ECF Nos. 287 at 5 – 6, 288 at 1.

Then on September 29, 2014, Petitioner filed a pro se motion to request that the United States Attorney exercise its discretion to agree to an order vacating one of Petitioner's 18 U.S.C. § 924(c) convictions. ECF No. 290. By order entered October 10, 2014, the District Court denied Petitioner's motion. ECF No. 291.

On December 19, 2014, Petitioner filed a motion[3] asking the District Court to reconsider his motion to have the Government to consider withdrawing one of his § 924(c) convictions. ECF No. 292. On July 6, 2015, Petitioner filed a motion[4] styled "Movant's Second Motion for this Court to ask the Government to Consider Withdrawing two of Movant's § 924(c)'s". ECF No. 293. On August 26, 2015, Petitioner filed a motion for a copy of his sentencing transcripts. ECF No. 294. By order entered September 29, 2015, the District Court granted petitioner's motion seeking a copy of his sentencing transcript. ECF No. 295[5]. In that order the Court also noted that Petitioner "previously moved this Court to request that the United States Attorney exercise its discretion to vacate one of [Petitioner's] 18 U.S.C. § 924(c) convictions, and denied the same, "for the same reasons set forth in this court's decision on the first motion." Id.

On May 23, 2016, in Third Circuit Court of Appeals docket number 16-2529, Petitioner sought to file a second or successive motion under 28 U.S.C. § 2255.

---

[3] This motion was titled, "Motion for Reconsideration of Petitioner's Recent Motion Requesting this Honorable Court to ask the Government to Consider Withdrawing one of Petitioner's 924(c) Offenses to Petitioner can Receive a Fair Sentencing Hearing which he was Previously Denied or, in the Alternative, to State its Reasons why it Believes that Petitioner's Sentencing Hearing and Sentence was Constitutional". As relief, Petitioner requested that the Court either: (1) direct the Government to respond to Petitioner's application; or (2) direct the Government to state on the record "specific reasons why it thinks Petitioner's sentence and sentencing hearing didn't violate the constitution." ECF No. 292 at 5.

[4] Although it is not styled as such, this motion appears to seek to vacate at least one of Petitioner's convictions under 28 U.S.C. § 924(c).

[5] This order appears to treat petitioner's motion to reconsider [ECF No. 292] and second motion [ECF No. 293] for the Court to request that the United States Attorney vacate one of his § 924(c) convictions as a single motion. The Order does not specifically dispose of ECF No. 292, although the court's docket appears to show the motion as adjudicated.

U.S.C.A., 3rd Cir., 16-2529, Document 003112304161.  By order entered on May 23, 2016, the Third Circuit stayed the matter "pending further order of the Court."  U.S.C.A., 3rd Cir., 16-2529, Document 003112304232.  Since the date the appeal was stayed, Petitioner has filed five pro se motions[6] with the Third Circuit, despite being represented by counsel.  U.S.C.A., 3rd Cir., 16-2529.  The stay on this appeal with the Third Circuit remains in place.

### D. Instant § 2241 Petition

In the instant § 2241, Petitioner asserts that in light of the decisions in Johnson and Dimaya, his sentence was improperly enhanced and should be invalidated.  ECF No. 1 at 5.  Further, he contends as follows:

> [Petitioner] currently ha[s] a[n] application to file a second 2255 [motion] pending in the Third Circuit Court of Appeals.  It was filed by Petitioner's Public Defender in 2016, and stayed pending Dimaya.  Dimaya came down several months ago (i.e., April 17, 2018), and the Court of Appeals issued another Order extending the stay pending five additional cases that the Court of Appeals now wants to decide. . . . Petitioner should not have to wait for these cases to be decided. . .

ECF No. 1 at 9.

Petitioner filed a 7-page memorandum of law in support of his petition.  ECF No. 1-1.  Although the memorandum does not conform to the requirements of the Local Rules of Prisoner Litigation Procedure, the Court has reviewed and considered the arguments contained therein.

---

[6] These motions are as follows: (1) April 30, 2018, motion for leave to proceed pro se; June 11, 2018, motion for leave to proceed pro se to allow Petitioner to file an amended 2255 to replace the 2255 petition filed by Petitioner's attorney; (3) June 11, 2018, motion to lift the stay; (4) June 21, 2018, motion for leave to proceed pro se; and (5) September 17, 2018, motion for appointment of new counsel.  U.S.C.A., 3rd Cir., 16-2529.

### III.     LEGAL STANDARD

#### A.     Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.     Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the

---

[7] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

9

validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[8] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

---

[8] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Further, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241. . . as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

### IV. ANALYSIS

Petitioner does not seek relief under any permissible ground in his § 2241 petition. Petitioner's sole ground alleges that his sentence was improperly enhanced by the sentencing court. Such a claim does not relate to the execution of sentence or

calculation of sentence by the BOP.  Instead, Petitioner's claim relates to the validity of his sentence imposed in the Eastern District of Pennsylvania, specifically that Court's finding that Petitioner was an Armed Career Criminal, and the resulting 360 month sentence[9].  Such claims are properly contested either on direct appeal or in a § 2255 proceeding, and thus the instant petition is actually an attempt to obtain relief available under § 2255, and should be treated as such.[10]

However, the petition states that Petitioner has filed an application to file a second or successive § 2255 motion which is pending in the United States Court of Appeals for the Third Circuit.  ECF No. 1 at 9.  That petition asserts that "[i]n light of the Supreme Court's recent decision in *Johnson v. United States*, [supra], Mr. Santiago's § 924(c) convictions must be vacated because Hobbs Act robbery no longer qualifies as a 'crime of violence.'"  U.S.C.A. 3rd Cir. 16-2529, Document 003112304159 at 2.  Additionally, in his petition herein, Petitioner states that that application is currently stayed by the Third Circuit, but that he "should not have to wait" for a decision from the appellate court.  ECF No. 1 at 9.

In the instant petition filed pursuant to § 2241, Petitioner essentially seeks the same relief as that sought in the Third Circuit Court of Appeals, but via a different route.  He requests this Court to release him based on the rulings in <u>Johnson</u> and <u>Dimaya</u>.  ECF No. 1 at 5.  It has long been recognized in this Circuit that courts

---

[9]  The 360 month sentence imposed under 18 U.S.C. § 924(c) was comprised of a 60 month sentence for Petitioner's conviction on Count 3, and a consecutive 300 month sentence for Petitioner's conviction on Count 7.  E.D.Pa. 2:03-CR-157, ECF No. 184.

[10]  The Court also notes that, regardless of how such a pleading is styled or captioned, a second or successive attempt to obtain relief under 28 U.S.C. § 2255 requires authorization from the appropriate appellate court, which authorization is not present here.  Notably, the Third Circuit Court of Appeals has denied Petitioner's request to file such a second or successive § 2255 petition in 13-3016, and has yet to rule on his request to file such a second or successive § 2255 petition in 16-2529.

should not rule upon issues when another court already exercises jurisdiction of those same matters. Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325–26 (4th Cir. 1937) ("The court will refuse [to rule] where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances.")

Accordingly, it is clear on the face of the petition that this court lacks jurisdiction. The issues raised and the relief sought are already under consideration in the Third Circuit Court of Appeals, docket number 16-2529. Although Petitioner's motion for leave to file a second or successive motion under 28 U.S.C. § 2255 has been stayed by the Third Circuit, it does not divest that Court of jurisdiction to decide an issue properly before it. Accordingly, this Court is without jurisdiction to consider Petition's § 2241 petition.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's § 2241 petition [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

It is further recommended that Petitioner's motion for immediate release [ECF No. 7] be **DENIED**, and that Petitioner's motion for an order directing respondent to show cause why the writ should not be granted [ECF No. 8] be **TERMINATED as moot**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: October 4, 2018

*/s/ Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE